The Western Union Telegraph Company v. J. M. Haman & Co.

No. 954.

1. **Telegraph Company—Notice of Importance of Message.**—See the opinion for facts and circumstances held sufficient to charge a telegraph company with notice of the importance of a message delivered for transmission, and of the probable consequences of a failure to deliver it.

2. **Damages for Negligence in Delivery of Message.**—Through the failure of a telegraph company to deliver a message, plaintiffs missed an early sale of a lot of wool, with consequent loss. *Held*, that the damages thus sustained were within the contemplation of the parties at the time of the contract to deliver the message, and that defendant can not complain of a verdict for a less amount than the actual loss suffered by plaintiffs.

3. **Evidence—Deposition Suppressed, When.**—Where interrogatories were propounded to a party to the suit and his answers thereto taken without the issuance of a commission, such deposition was, on motion, properly suppressed.

4. **New Trial — Newly Discovered Evidence.**— An application for a new trial on the ground of newly discovered evidence of a witness, is properly overruled where it is not accompanied by the affidavit of the witness to the effect that he will testify to the facts stated in the application.

Appeal from County Court of Parker. Tried below before Hon. I. N. Roach.

*B. G. Bidwell*, for appellant.—1. The damages sought to be recovered are too remote, uncertain, and contingent. They are not the natural results of the negligence complained of, nor such as were within the contemplation of the parties at the time the message was delivered to appellant. Daniel v. Tel. Co., 61 Texas, 452; Tel. Co. Sheffield, 71 Texas,

570; Tel. Co. v. Brown, 71 Texas, 723; Tel. Co. v. Kirkpatrick, 76 Texas, 217; Tel. Co. v. Smith, 76 Texas, 253; 2 Willson's C. C., secs. 113, 644.

2. The facts show that there was no notice given the telegraph company of any pecuniary value of the message. It was therefore not proper for the court to render judgment against the company, because the damages shown are not the natural and proximate result of negligence complained of. 23 Am. Law Reg., 287; 24 Am. Law Reg., 336; 17 Am. Rep., 425; Gray on Tel., arts. 82–87; 124 U. S., 444; 132 U. S., 125; 31 Fed. Rep., 134; Sedg. on Dam., 108, 112.

*George A. McCall*, for appellees.—1. The damages sought to be recovered are the natural results of the admitted negligence of the defendants, or are such as might reasonably be supposed to have been in contemplation of the parties at the time they made the contract as to the probable results of a breach of it. 3 Willson's C. C., sec. 645; Rittenhouse v. Tel. Co., 4 Am. Rep., 623; Caudle v. Tel. Co., 17 Am. Rep., 460; Daugherty v. Tel. Co., 61 Am. Rep., 436; Broesch v. Broesch, 72 Texas, 659; Loper v. Tel. Co., 70 Texas, 692.

2. The nature of the dispatches show that the wool was bought to sell, and that it was important that the firm be promptly advised, and that the message had a pecuniary value. Plaintiffs sue to recover an actual loss, not profits. Manville v. Tel. Co., 18 Am. Rep., 8; Thompson v. Tel. Co., 54 Am. Rep., 644; Griffin v. Calvin, 16 N. Y., 489.

TARLTON, CHIEF JUSTICE.—This appeal is prosecuted by the appellant from a judgment rendered by the County Court of Parker County in favor of appellees in the sum of $561.12. The judgment was for damages found by the court to have resulted from a failure to deliver a telegraphic message delivered to the agent of the company at Albany, Texas, to be transmitted to Weatherford, Texas.

We find from the record the following conclusions of fact:

1. On and before June 21, 1889, the appellees constituted a firm composed of J. M. Haman, J. E. Dunbaugh, and R. W. Ellis, engaged at Weatherford, Texas, in the business of buying and selling wool.

2. On Friday, June 21, 1889, J. E. Dunbaugh was at Albany, in Shackelford County, for the purpose of purchasing wool for his firm. Finding a quantity of wool for sale, he telegraphed his house through defendant as follows:

"June 21, 1889.

"*J. M. Haman & Co., Weatherford, Texas:*

"Can buy some light bright medium at nineteen. Best can do. If can not buy will come home. Answer quick.

"J. E. DUNBAUGH."

To this telegram he received the following reply:

"Weatherford, Texas, June 21, 1889.
"*J. E. Dunbaugh, Albany, Texas:*
" If not over 10,000 pounds and twelve months, buy it and come home.
"J. M. Haman & Co."

3. Thereupon Dunbaugh purchased of one E. A. Rose 14,444 pounds of wool, for 13,444 pounds of which he paid 18½ cents per pound. The remainder was of inferior quality. After this purchase he delivered to the defendant's agent at Albany for transmission the following dispatch:

"Albany, Texas, June 21, 1889.
"*J. M. Haman & Co., Weatherford, Texas:*
" Bought seventy-six sacks, fourteen thousand, one thousand off onethird, eighteen and a half. All light wools. Twelve months. Be home Sunday.
"J. E. Dunbaugh."

4. Dunbaugh delivered this message to the agent about 7 o'clock p. m. June 21, 1889, paying the price of the message, 55 cents. He told the agent that it would be in time if sent next morning. He also informed him that the message was important; that he expected his house had probably sold the wool, meaning that his house had probably contracted the sale of it. To be certain that no mistake should be made, Dunbaugh, having written the message, had the agent to transcribe it and himself signed the copy.

5. The defendant did not transmit the message, nor did it on the trial offer to show any excuse whatever for failing to send it. The members of the firm at Weatherford were not informed of the purchase until the arrival of Dunbaugh on June 25.

6. Thirteen thousand four hundred and forty-four pounds of this wool were, on June 21 and June 22, 1889, worth in the market 21 cents per pound. On June 25, 1889, when the firm at Weatherford were first informed of the purchase of the wool, the price had declined. Immediately on receiving the information that the dispatch had not been received, plaintiffs wrote and wired with great diligence to secure a purchaser for the wool. They could not find a purchaser willing to pay more than 14 cents per pound. The wool at the trial remained unsold.

7. Had the dispatch been received on June 22, the plaintiffs could and would have sold the wool at 21 cents per pound.

The facts embodied in the foregoing conclusions would have justified the court, on the application to them of a proper rule for the measure of

damages, in awarding to the plaintiffs a greater sum than that included in the judgment. The circumstances surrounding the delivery of the telegram were sufficient to apprise the company, through its agent, of the importance of the message and of the consequences of a failure to deliver it. The loss sustained by the plaintiffs, exceeding under the facts the amount of the judgment, must be held to have been within the contemplation of the parties at the time of the delivery of the message for transmission. The appellant can not complain that the loss of a sale contemplated by the plaintiffs, resulting as it did from the failure to transmit the message, should be measured by the difference " between the market value of the wool at the time the message should have been delivered and at a reasonable time after the omission to transmit had been discovered." 2 Sedg. on Dam., sec. 683.

It follows that the court committed no material error in overruling the special exception to plaintiffs' petition, which exception was to the effect, that the damages sought to be recovered were too "remote, uncertain, and contingent." The facts stated in our conclusions were amply covered by the averments of the plaintiffs' petition.

The court did not err in sustaining the motion to suppress the interrogatories propounded to the plaintiffs and the answers thereto. These answers were taken by the officer without the issuance of a commission authorizing them. Rev. Stats., art. 2239–2241.

Nor did the court err in overruling the application, on the ground of newly discovered evidence, praying for a new trial. The plaintiffs, or one of them, had testified that had the message in question been duly delivered, Haman & Co. would have sold the wool to one Loupheimer. The purported newly discovered evidence consisted in a statement by Loupheimer, which defendant expected to procure, contradicting this testimony of plaintiffs. No affidavit by Loupheimer, however, that he would make a statement of such a character was attached to the application. As a substitute for such affidavit, the defendant attached to the application a telegram from one of its employes, that he had interviewed Loupheimer, and that the latter had communicated to him certain facts stated in the telegram and indicating that the testimony of the plaintiffs was untrue. This was manifestly insufficient.

The judgment is therefore affirmed.

*Affirmed.*

Delivered January 3, 1893.